**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHESTER FORD, Individually and on Behalf of Others Similarly Situated,<br>    Plaintiff, | § | |
| | | |
| V. | § | CIVIL ACTION NO. 4:19-cv-4790 |
| | | |
| STRESS ENGINEERING AND CONSTRUCTION, INC.,<br>    Defendant. | § | |
| | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**Summary of Lawsuit**

Defendant Stress Engineering and Construction, Inc. ("Stress") has a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendant's failure to pay the overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Chester Ford ("Ford" or "Plaintiff") is one of the workers hired by Defendant as an hourly employee and not paid overtime pay, and brings this lawsuit against Stress to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

**Facts Supporting Relief**

**Allegations Related to Plaintiff's and His Co-Workers' Claims**

1.      Chester Ford worked for Stress as an engineer, paid on an hourly basis, from May of 2019 until November 25, 2019. Ford's duties included engineering and design work.

2.      During the time he worked for the Defendant, Ford regularly worked in excess of 40 hours per week.

3.      Stress paid Ford on an hourly basis.  Defendant did not pay Ford an overtime premium for any of the hours he worked in excess of 40 in a workweek.  Instead, Ford was paid the same hourly rate for all the hours he worked ("straight time").

4.      Ford worked with other individuals who were paid on an hourly basis. These individuals also regularly worked over 40 hours per week, and, upon information and belief, a number of them were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendant also pays many of these other individuals straight time for all hours that they worked over 40 in a workweek.

### Allegations Regarding FLSA Coverage

5.      Stress is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

6.      During each of the three years prior to this complaint being filed, Stress was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7.      During each of the three years prior to this complaint being filed, Stress regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8.      During each of the three years prior to this complaint being filed, Stress conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9.      During each of the three years prior to this complaint being filed, Stress's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

10.     Stress was legally required to pay Ford and his similarly situated hourly co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

11.     Ford worked over 40 hours in nearly all of the workweeks that he worked for Defendant.

12.     Members of the Class worked over 40 hours in many workweeks that they worked for Defendant.

13.     Stress did not pay Ford time-and-a-half for any of the overtime hours that he worked for the Defendant.  Defendant's underpayment of the Plaintiff, sometimes referred to as "wage theft," allowed Defendant to gain an unfair advantage in the marketplace as compared to other businesses that pay their employees all of the wages required by law.

14.     Stress and its related companies have been in business for close to 50 years and employ a significant number of individuals. Stress is well aware that hourly employees should be paid overtime pay for hours over 40.

15.     The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of paying hourly workers "straight time" with no overtime compensation for hours worked in excess of 40 with respect to Ford and Members of the Class. Such practice was, and continues to be with regard to the Members of the Class, a clear violation

of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16.     Defendant violated the FLSA by failing to pay Ford overtime pay for hours worked over 40 per workweek.

17.     Ford has suffered damages as a direct result of Defendant's illegal actions.

18.     Stress is liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

19.     The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying hourly workers on a straight-time basis.  This generally applicable policy is prohibited by the FLSA.  Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

20.     The class of similarly situated Plaintiffs is properly defined as:

> **All employees who have worked for and who have been paid on an hourly basis by Defendant Stress Engineering & Construction, Inc. during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

21.     Defendant Stress Engineering & Construction, Inc. is a Texas corporation and an "employer" as defined by the FLSA.  Defendant may be served through its registered agent, Joe R. Fowler at 13603 Westland East Boulevard, Houston Texas 77041, or wherever he may be found.

22.     This Court has federal question jurisdiction under the FLSA, and venue is proper

pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this

judicial district, and the events underlying this complaint occurred within this judicial district as

well.

## Demand for Jury

23.     Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action

demand:

1. Issuance of notice as soon as possible to all persons who have been employed by and paid on an hourly basis by Stress Engineering & Construction, Inc. during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF CHESTER FORD**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
CHESTER FORD**